IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED SCRANTON**
NOV 30 2015
PER _____ DEPUTY CLERK

| | | |
|---|---|---|
| JULIO CHRISTIAN, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 3:CV-15-1829 |
| STATE OFFICERS, ET AL., | : | (Judge Conaboy) |
| Defendants | : | |

### MEMORANDUM
### Background

Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview) filed this pro se civil rights action. Thereafter, Plaintiff submitted an in forma pauperis application.

By Order dated November 10, 2015, Plaintiff's motion requesting leave to file an amended complaint was granted. See Doc. 22. However, none of the nine (9) separate documents filed by Houston and labeled as being amended complaints were accepted and Plaintiff was directed to file a single, all inclusive amended complaint.

Named as Defendants in the Amended Complaint are "State Officers, Police Officers, Judicial Officer." Doc. 23, p. 1. There are no Defendants identified by name. Plaintiff alleges that while working for a private company in Philadelphia, Pennsylvania he was arrested on March 4, 2005. The Amended

1

Complaint vaguely asserts that his arrest and presumably subsequent conviction "caused unreasonable government interference with his liberty to pursue his calling or profession." Id. at ¶ 2. He also purportedly suffered extreme financial hardship.

Christian generally adds that he was subjected to discrimination because of his race and his reputation were damaged as a result of defamatory statements which were presumably made by some of the unidentified Defendants. As relief, Plaintiff seeks compensatory damages for his loss of employment, reinstatement to his job, and expungement of his criminal record.

## Discussion

### Standard of Review

When considering an action accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."

Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Injunctive Relief**

As discussed above, the Amended Complaint includes vague factual assertions indicating that Christian was subjected to an improper state arrest and criminal prosecution. As partial relief, Plaintiff states that he is seeking expungement of his criminal record, which would also presumably mandate his release from confinement.

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of illegal arrest and confinement are not properly raised in a civil rights complaint.

3

**Judicial Officer**

Named as a Defendant in the Amended Complaint is "Judicial Officer." Doc. 23, p.1. The judicial officer is not identified or otherwise described. There are also no factual assertions set forth against the Defendant Judicial Officer.

Judges are absolutely immune from suit for damages for conduct performed in the course of their official duties See Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990)(recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). As such, there is no basis for civil rights liability with respect to any claim based upon any actions taken by a judicial officer in the course of his or her official duties.

**Retaliation**

The Plaintiff also makes a general claim that he was subjected to retaliation for his exercise of free speech.

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

In <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (2001), the Third Circuit held that a prisoner must prove that the conduct which led to the alleged retaliation was constitutionally protected. If the prisoner satisfies that requirement he must then show he suffered some "adverse action" at the hands of prison officials. <u>Id</u>. <u>Allah</u> defined adverse action as being "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." <u>Allah</u>, 229 F.3d at 225.

Next, the prisoner must prove a causal link between the exercise of the constitutional right and the adverse action against him. Under <u>Rauser</u>, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. <u>Id</u>. at 334.

Based on those factors, it is clear that Plaintiff's vague contention of retaliation by unidentified officials does not present any facts which could establish that his exercise of a constitutionally protected right was a substantial or motivating factor behind the alleged act of retaliation as required by <u>Rauser</u>. Plaintiff has not sufficiently alleged facts which could support a claim that his arrest and presumably subsequent conviction were retaliatory.

**Heck**

The United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

A liberal reading Christian's Amended Complaint indicates that he is asserting that he was subjected to an unconstitutional arrest which led to a criminal conviction and loss of employment. Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement. There is no indication that Christian has successfully appealed or otherwise challenged his state criminal conviction.

Consequently, pursuant to Heck, Plaintiff's Amended Complaint to the extent that it seeks an award of monetary damages on the basis of illegal arrest and conviction is premature because he cannot maintain a cause of action for an unlawful arrest or conviction until the basis for the conviction is overturned.

**Defamation**

Plaintiff also indicates that he was subjected to defamation. It is well-settled that defamation is actionable under § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution. Paul v. Davis, 424 U.S. 693, 701 (1976). The standard for recovery set forth in Paul has been repeatedly applied by the courts of this circuit. See Clark v. Township of Falls, 890 F.2d 611 (3d Cir. 1989); Strum v. Clark, 835 F.2d 1009 (3d Cir. 1987); and Balliet v. Whitmire, 626 F. Supp. 219 (M.D. Pa. 1986).

The Amended Complaint fails to adequately: describe the purported defamation; allege that the defamation resulted in the deprivation of any liberty or property recognized by state or federal law; or that Christian had a change in his legal status under state law. Thus, that claim lacks arguable legal merit.

To the extent that Plaintiff wishes to pursue a state law defamation claim, federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants. New Rock Asset Partners v. Preferred

7

Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that Plaintiff wishes to pursue.

**Conclusion**

Since Christian's Amended Complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.[1]

_____
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 17th, 2015

---

[1] Based upon Plaintiff's indication that his underlying arrest transpired in Philadelphia, Pennsylvania which is located within the confines of the United States District Court for the Eastern District of Pennsylvania, it also appears that dismissal of this action on the basis of improper venue may be appropriate.

8